IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARK DAVID McCARTY | § | |
| v. | § | CIVIL ACTION NO. 9:06cv70 |
| IRMA FERNANDEZ, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

     The Plaintiff Mark McCarty, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

     McCarty complained that he received a disciplinary case from Irma Rodriguez charging him with operating an unauthorized business. He stated that the case was falsified and that no evidence was presented against him; as a result of the disciplinary case, $1,000.00 was forfeited from his inmate trust account. He complains about the conduct of the disciplinary case and that the punishment assessed in the case did not include the forfeiture of money, but that when he filed a grievance, he was told that he had been operating an illegal business and that the money seized represented the proceeds of that business.

     After review of the complaint, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge stated that the central issue in McCarty's lawsuit involved the deprivation of money, and that the Supreme Court has held that a random and unauthorized deprivation of property does not violate procedural due process if the State furnishes an adequate post-deprivation remedy. Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). The Fifth Circuit, as the Magistrate Judge observed, has stated that forfeiture

1

of money from an inmate's trust account falls into this category.  Austin v. Ward, 92 Fed.Appx. 80 (5th Cir., February 17, 2004) (not selected for publication in the Federal Reporter); *see also* Myles v. Collins, slip op. no. 91-2673 (5th Cir., August 19, 1993) (not selected for publication in the Federal Reporter).

The Magistrate Judge noted that to the extent that McCarty sought to challenge the legitimacy of the disciplinary proceeding, wherein the finding that he was operating an unauthorized business (resulting in the deprivation of the money) was made, he had to proceed through habeas corpus, because he also lost 225 days of good time.  Edwards v. Balisok, 520 U.S. 641, 646 (1997).  The Magistrate Judge concluded that McCarty had not set out a cognizable Section 1983 claim and recommended that the lawsuit be dismissed, although this dismissal was recommended to be without prejudice to McCarty's right to pursue his state claims.

McCarty did not file objections to the Magistrate Judge's Report; rather, on June 27, 2006, he filed an "answer."  In this answer, he questioned how he could have had any "deprivation remedies" at the disciplinary hearing, inasmuch as the money had not yet been taken, and said that he believed that he only had 30 days in which to file a state tort claim.  McCarty apologizes for his lack of legal knowledge and said that he "accepts" the recommendation of the Magistrate Judge, noting that he has sought habeas corpus relief on the disciplinary case in question.

Because McCarty did not object to the Magistrate Judge's proposed finding and conclusions, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto.  Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct.  It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED as frivolous without prejudice as to its refiling in federal court at such time as the Plaintiff can show that his disciplinary case has been overturned, expunged, or otherwise set aside, but with prejudice as to its refiling until this pre-condition is met. It is further

ORDERED that the dismissal of this lawsuit shall be without prejudice as to any relief under state tort law which McCarty may pursue in the courts of the State of Texas. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **20** day of **July, 2006.**

_____
Thad Heartfield
United States District Judge